### 25637. DEAL v. DEAL.

NICHOLS, Justice. Emmett L. Deal filed a petition in the Juvenile Court of Bibb County in which it was alleged that Lethia Whitaker Deal, his former wife, was guilty of such neglect of their minor children that they should be remanded from her custody. Custody of the children had been placed in Mrs. Deal as the result of a divorce action between the parents. Mrs. Deal attacked the constitutionality of parts of the Juvenile Court Act, which attacks were overruled by the juvenile court and after hearing evidence the court removed custody of the children from the mother and gave custody of them to the father.

The hearing in the juvenile court represented the third time that the same allegations were made by the children's father and on both previous hearings the juvenile court judge then presiding left the children with their mother, thus finding that they were not "neglected." The hearing in the present case was before a different juvenile court judge and there was no evidence to show that the mother's alleged conduct was any different from that purportedly proved on the two previous hearings. While there was evidence of isolated conduct on the part of the children which showed at times that their behavior was not to be commended, yet when the entire evidence is reviewed it discloses a picture of a mother rearing two sons without the help of a father, a mother who has been harassed by the children's father by being forced to appear in juvenile court three times in three years since the divorce was granted, a mother who, according to the children's school teachers and neighbors *who had talked to her,* was interested in her children and who kept them neat and clean, prepared

their meals and was otherwise concerned for their welfare. While some of the mother's neighbors had complaints against the children, they did not attempt to contact her and as a result minor complaints became major ones.

A comparison between the evidence adduced in this case and the rules set forth in *Kennison v. Lee,* 217 Ga. 155 (121 SE2d 821), not as all inclusive but certainly as guidelines, does not authorize a finding in the present case that the children were found in a state of neglect. Accordingly, the judgment of the juvenile court removing custody of the children from the mother must be reversed, and it is unnecessary to pass on the constitutional questions made by the mother.

*Judgment reversed. All the Justices concur.*

ARGUED JANUARY 14, 1970—DECIDED FEBRUARY 5, 1970.

*Crumbley & Dozier, O. L. Crumbley,* for appellant.
*Edward S. Sell, Jr., Virgil H. Shepard,* for appellee.